FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA B., on behalf of K.I.C., a minor child,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-03150-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 12. Attorney D. James Tree represents Christina B., who appears on behalf of her minor daughter, K.I.C (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 15. After reviewing the administrative record and the briefs

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 1

filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

On November 6, 2018, Christina B. filed an application for childhood Supplemental Security Income (SSI) benefits, on behalf of Plaintiff,[2] alleging amended onset date of disability since November 6, 2018.  Tr. 15.  The application was denied initially and upon reconsideration.  Tr. 69-71, 77-79.  Administrative Law Judge (ALJ) M.J. Adams held a hearing on December 9, 2020, Tr. 34-48, and issued an unfavorable decision on January 7, 2021.  Tr. 12-33.  Plaintiff requested review by the Appeals Council, and on September 22, 2021, the Appeals Council denied the request for review.  Tr. 1-6.  The ALJ's January 2021 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 12, 2021.  ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at

---

[2] Although her mother is the named Plaintiff in court filing, this order will refer to the minor child as "Plaintiff."

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 2

1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act provides that a child under 18 is "disabled" for purposes of SSI eligibility if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner follows a three-step sequential process in determining childhood disability: (1) whether the child is engaged in substantial gainful activity; (2) if not, whether the child has a medically determinable severe impairment; (3) and, if so, whether the child's severe impairment meets, medically equals, or functionally equals the severity of a set of criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.924.

If the Commissioner determines at step three that the claimant has an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, the analysis ends there.  If not, the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 3

Commissioner decides whether the child's impairments result in limitations that functionally equal a listing. 20 C.F.R. § 416.926a(a). In determining whether an impairment or combination of impairments functionally equal a listing, the Commissioner assesses the claimant's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

When evaluating the ability to function in each domain, the ALJ considers information that will help answer the following questions "about whether [the child's] impairment(s) affect [her] functioning and whether [her] activities are typical of other children [her] age who do not have impairments":

(i)     What activities are you able to perform?

(ii)    What activities are you not able to perform?

(iii)   Which of your activities are limited or restricted compared to other children your age who do not have impairments?

(iv)    Where do you have difficulty with your activities – at home, in childcare, at school, or in the community?

(v)     Do you have difficulty independently initiating, sustaining, or completing activities?

(vi)    What kind of help do you need to do your activities, how much help do you need, and how often do you need it?

20 C.F.R. § 416.926a(b)(2)(i)-(vi).

The evaluation of functional equivalence begins "by considering the child's functioning without considering the domains or individual impairments." Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule – The "Whole Child" Approach, SSR 08-1p, 2009 WL 396031 * 1 (Feb. 17, 2009). The rules provide that "[w]hen we evaluate your functioning and decide which domains may be affected by your impairment(s), we will look first at your

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 4

activities and limitations and restrictions."  *Id*. citing 20 C.F.R. § 416.926a(c).  The rules instruct the Commissioner to:

> Look at information we have in your case record about how your functioning is affected during all your activities when we decide whether your impairment or combination of impairments functionally equals the listings.  Your activities are everything you do at home, at school, and in your community.

*Id*. citing 20 C.F.R. § 416.926a(b).  The severity of limitation in each affected functional domain is then considered.  This technique is referred to as the "Whole Child" approach.  *See* SSR 08-1p.

A child's impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).  A limitation is "marked" if it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i).  A limitation is "extreme" when it interferes "very seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3)(i).

## IV.    ADMINISTRATIVE FINDINGS

On January 7, 2021, the ALJ issued a decision finding Plaintiff was not disabled, as defined in the Social Security Act.  Tr. 12-33.

At ***step one***, the ALJ found Plaintiff was a school aged child, and had not engaged in substantial gainful activity since the application date.  Tr. 16.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: asthma.  *Id.*

At ***step three***, the ALJ found that Plaintiff's impairments did not meet, medically equal, or functionally equal the criteria of any of the listed impairments.  Tr. 17.  With regard to functional equivalence, the ALJ specifically concluded

Plaintiff had a less than marked limitation in health and physical well-being, but no limitation in acquiring and using information, no limitation in attending and completing tasks, no limitation in interacting and relating with others, no limitation in moving about and manipulating objects, and no limitation in caring for herself. Tr. 17-28.  The ALJ thus determined Plaintiff's impairments did not result in two marked limitations or one extreme limitation in any of the six domains.  Tr. 28. Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the November 6, 2018 disability application date, through the date of the ALJ's decision, January 7, 2021. Tr. 28-29.

## V.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title XVI of the Social Security Act.  The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff raises the following issues for review: (1) whether the ALJ reversibly erred by not having a complete case review; (2) whether the ALJ properly assessed lay witness testimony; (3) whether the ALJ properly assessed the Domains and Listings.  ECF No. 11 at 2.

## VI.    DISCUSSION

**A**.    **Complete Case Review.**

Plaintiff contends the ALJ erred by not having a complete case review by a medical expert.  ECF No. 11 at 3-5.  For a disability claim of an individual under eighteen years old, the ALJ "shall make reasonable efforts to ensure that a qualified pediatrician or other individual who specializes in a field of medicine appropriate to the disability of the individual (as determined by the Commissioner of Social Security) evaluates the case of such individual."  42 U.S.C.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 6

§ 1382c(a)(3)(I).  The pediatrician or other appropriate specialist must base their evaluation on the record in its entirety.  *Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003).  The ALJ cannot "construct . . . his own case evaluation from the evidence in the record."  *Id*.  To satisfy this requirement, the ALJ may rely on a case evaluation made by a state agency consultant that is already in the record, or the ALJ may rely on the testimony of a medical expert.  Social Security Acquiescence Ruling (AR) 4-01(9), *available at* 2004 WL 875081.  When the ALJ relies on the case evaluation made by a state agency consultant, "the record must include the evidence of the qualification of the State agency . . . consultant."  *Id*.

Here, the ALJ relied on the October 2019 opinion of state agency medical consultant Nevine Makari, MD, finding Dr. Makari's opinion "most persuasive," in determining Plaintiff's level of functioning.  Tr. 19.  Plaintiff contends the ALJ failed to fulfill his duty for a case review of the entire record as required by *Howard* and AR 4-1(9), because he did not ensure a qualified pediatrician or specialist in a field of medicine appropriate to the child's disability evaluated Plaintiff's case in its entirety.  ECF No. 11 at 4-5.  Defendant contends the record contained a medical opinion from a pediatric doctor, as required, and that the ALJ reasonably relied on Dr. Makari's October 2019 opinion about Plaintiff's functional limitations.  ECF No. 12 at 3-5.

The Court finds the ALJ erred in failing to make reasonable efforts to obtain a complete case review, because the record contains significant evidence not considered by the state agency case review.  Here, the ALJ relied on the opinion of the state agency medical consultant, finding Dr. Makini's October 2, 2019 opinion most persuasive as to Plaintiff's level of functioning.  Tr. 19.  Dr. Makini's review, however, was over a year before Plaintiff's December 2020 hearing and substantial evidence was added to the record after the state agency review.  Tr. 30-33.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT- 7

Records received after the reconsideration opinion constitute much of the medical record and includes, for example, referral to and treatment by a specialist in pediatric pulmonology, repeat findings of severe persistent asthma with frequent exacerbations, poor control of asthma symptoms despite reliance on high doses of steroids, continued ER visits, low oxygen levels, and need for continued treatment including new monthly injections/biologic infusions of Nuncala (mepolizumab). *See, e.g.*, Tr. 370-71, 417, 427, 430, 435, 507-08, 515, 525, 615. Further, although Dr. Makani's state agency reconsideration opinion is dated October 2, 2019, review of her opinion shows she did not provide any analysis of records after July 2019, which is three months earlier. *See* Tr. 63, 65.

On this record, the Court finds that the state agency consultant's case review does not constitute the full record evaluation required in child's cases. *See Stephanie R. ex rel B.R. v. Kijakazi*, 2022 WL 843327 *4 (D. Or. March 22, 2022); *Veneranda B. o/b/o AGB v. Saul*, 2020 WL 3620080 *5 (E.D. Wash. March 13, 2020) ("given the significant development of the medical . . . record since the State agency consultants conducted their review, these reviews cannot constitute the full-record evaluation required by *Howard* and AR 04-1(9)").

Accordingly, the Court finds the ALJ erred in failing to obtain a comprehensive case evaluation and this error was consequential. Evaluation of the case as a whole by a qualified medical expert is critical to the adjudicator's longitudinal understanding of the child's impairment and resulting limitations. *See Howard*, 341 F.3d at 1014.

On remand, the ALJ shall reconsider all evidence of record with the assistance of medical expert testimony by a qualified pediatrician or other appropriate medical specialist who has evaluated Plaintiff's case in its entirety.

**B.**   <u>**Lay Witness Statements.**</u>

Plaintiff alleges the ALJ erred by not properly assessing lay witness testimony.  ECF No. 11 at 5-12.  In the Ninth Circuit, the testimony of third parties, including parents of child claimants, is evaluated under the standard applicable to lay witnesses.  *See Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1086 (9th Cir. 2000) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so.").  When an ALJ discounts lay witness testimony, he must give reasons that are "germane" to that witness. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff contends the ALJ failed to properly credit the lay witness statements of Plaintiff's mother and incorrectly attributed the lay witness report of Plaintiff's childcare provider to Plaintiff's mother, failing to properly assess this testimony.  ECF No. 11 at 5-12.  As the case is being remanded for case review by a qualified medical expert, upon remand the ALJ shall also carefully reevaluate the evidence of record, including each lay witness statement.  The ALJ is instructed to take the evidence into account or provide germane reasons for discounting the testimony of each witness.

**C.**   <u>**Domains and Listings.**</u>

Plaintiff contends the ALJ also erred by failing to properly assess the Domains and Listings. ECF No. 11 at 12-21.  As the case is being remanded for case review by a qualified medical expert, the ALJ shall reconsider the Domains and Listings with the assistance of medical expert testimony.

## VII.   CONCLUSION

The ALJ's decision is not supported by substantial evidence and not free of harmful legal error.  On remand, the ALJ is instructed to call a qualified pediatrician or other appropriate medical specialist who has reviewed the case in its entirety, and to reevaluate the Domains and Listings, with the assistance of medical expert testimony; the ALJ shall also reconsider Plaintiff's subjective complaints, each lay witness statement, and all the medical evidence of record, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

5.      The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE